UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RUSS MEHL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BP ENERGY COMPANY, et al.,<br><br>    Defendants. | Case No. 23-1192-DDC-ADM |
| PJ STONEBERGER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BP ENERGY COMPANY, et al.,<br><br>    Defendants. | Case No. 23-1195-DDC-ADM |
| DAVID J. REBEIN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BP CANADA ENERGY MARKETING CORP., et al.,<br><br>    Defendants. | Case No. 23-1245-DDC-ADM |
| ELI DEUTSCHER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TENASKA MARKETING VENTURES, et al.,<br><br>    Defendants. | Case No. 23-1249-DDC-ADM |

1

## **ORDER TO SHOW CAUSE**

The above-captioned cases all arise from the sudden spike in natural gas prices that occurred in February 2021 during Winter Storm Uri. Plaintiffs in each case are individuals who bought natural gas at the higher prices. They bring claims, on behalf of themselves and others similarly situated, under the Kansas Consumer Protection Act ("KCPA") against natural gas suppliers. The court's initial review of the cases indicates that consolidation of these cases might be warranted, at least for some purposes.

A court may consolidate actions before it if the actions involve a "common question of law or fact." FED. R. CIV. P. 42(a)(2). The court should consider whether judicial efficiency is best served by consolidation. *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008). "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Id.* Ultimately, the decision whether to consolidate is left to the trial court's sound discretion. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

As mentioned, these four purported class actions all bring KCPA claims arising from natural gas price increases in February 2021. Plaintiffs allege similar facts in each case. Highly summarized, plaintiffs allege that they are residential consumers who purchased natural gas from their local gas distributors ("distributors"), who in turn had purchased the natural gas from defendants. They assert that defendants charged the distributors unconscionably high prices during Uri, which the distributors then passed on to plaintiffs. Plaintiffs further assert that defendants knew that the natural gas they sold to the distributors would be passed on for sale in the residential consumer market, and that defendants profiteered from charging the increased prices. Plaintiffs contend that defendants violated the KCPA by inducing consumers into transactions that were

excessively one-sided and by profiteering from a disaster.  Plaintiffs claim they are entitled to receive the amount of the difference between the value of natural gas at the pre-Uri rate and the amount defendants charged during Uri.

The cases differ in the distributors from whom the plaintiffs in each bought their natural gas.  The plaintiffs' lawyers are the same in all cases.  The defendants are not the same in all cases (and defendants who have appeared in the first two cases are each represented by different law firms), but they overlap to varying degrees across the cases.

Because each case asserts KCPA claims and arises from defendants' natural gas price increases during Uri, they share common facts and questions of law.  It appears, therefore, that consolidation under Rule 42(a)(2) may conserve party resources and promote judicial economy by, for example, reducing duplication in discovery, briefing, etc.  The court therefore directs any party that wishes to be heard on the issue of consolidation to file a response to this order, briefly stating the party's position in no more than 3 pages.  Parties that have entered an appearance as of today's date must file their responses by **December 22, 2023.**  Any defendant that has not yet appeared in a case must file any response within **7 days after first appearing in the case or 21 days after being served (or agreeing to waive or accept service of) the summons and complaint**, whichever is earliest.

Meanwhile, all deadlines to file motions to dismiss or to submit further briefing on any pending motion to dismiss (ECF 63, 68, & 69 in Case No. 23-1192; ECF 43 in Case No. 23-1195) are held in abeyance until the court issues a ruling on the matter of consolidation.  At that time, the court will set a status conference to discuss motions to dismiss, including the possibility of a consolidated motion to dismiss.  Meanwhile, any defendant may, if it wishes to do so, file a motion to extend its answer deadline to align it with the motion-to-dismiss deadline.

**IT IS SO ORDERED.**

Dated December 5, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
